Cedro LLC v Axia Realty, LLC (2021 NY Slip Op 02869)





Cedro LLC v Axia Realty, LLC


2021 NY Slip Op 02869


Decided on May 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 06, 2021

Before: Renwick, J.P., Kapnick, Singh, Kennedy, JJ. 


Index No. 653182/19 Appeal No. 13769 Case No. 2019-05522 

[*1]Cedro LLC et al., Plaintiffs,
v
Axia Realty, LLC, Defendant-Respondent, Ionian Management, Inc. et al., Defendants, Antonia K. Milonas, Defendant-Appellant.


Meyers Tersigni Feldman & Gray LLP, New York (Anthony L. Tersigni of counsel), for appellant.



Judgment, Supreme Court, New York County (Alan C. Marin, J.), entered December 2, 2019, in favor of defendant Axia Realty, LLC on its conversion cross claim against defendant Antonia K. Milonas, in the amount of $196,871.23, unanimously affirmed, without costs.
Plaintiffs Cedro LLC, Neyor LLC, and Silver Lining NYC, were purchasers of three condominium units in a six-unit building located at 40 East 72nd Street in Manhattan. They commenced this action individually and derivatively on behalf of the 40 East 72nd Street Condominium. Defendant Spiros N. Milonas (Spiros), a 91-year old businessman, and his wife of 20 years, defendant Antonia K. Milonas (Antonia), created defendant Axia Realty, LLC (Axia), for the sole purpose of converting the subject building to a condominium and selling units in it. They were the sole managers and members of Axia, each owning 50% of the limited liability company. Three unsold units in the building were owned by Axia, and Antonia and Spiros occupied the penthouse condominium unit. Axia asserted a cross-claim against Antonia for conversion, among other cross-claims.
Antonia admitted that she transferred $196,871.23 from Axia's bank account to hers, purportedly to prevent her husband and co-manager from engaging in the same conduct. However, plaintiffs allege that the funds were required to pay common charges on three condominium units owned by Axia, real estate taxes on those units, and for maintenance obligations. The court correctly concluded that Axia's cross claim for conversion against Antonia was established (see Metropolitan Bank & Trust Co v Lopez, 189 AD3d 443, 444 [1st Dept 2020]). Antonia failed to cite any authority permitting her to transfer Axia's assets to herself when the funds were needed to fulfill Axia's obligations to unit owners.
Antonia generally argues that the cross claim against her was prohibited by the Operating Agreement. We note that she did not move to dismiss the cross claim. In fact, the Operating Agreement at paragraph 7 permits an action against the Manager for bad faith conduct, willful misconduct or fraud.
Antonia's primary argument claims that Spiros' mental capacity is at issue. However, the Operating Agreement provides a procedure to remove a Manager who was unable to perform his responsibilities, and the record is silent as to whether that procedure was followed by Antonia.
An accounting is an inadequate remedy here because the funds recovered from Antonia are needed immediately to operate the condominium and satisfy plaintiffs' claims.
We have considered Antonia's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2021